# SMITH,
*Appellant,*

*v.*

# FRED MEYER, INC. et al,
*Respondents.*

## (A8011-06505; CA A28019)

687 P2d 1128

Mark R. Moline, Portland, argued the cause for appellant. With him on the briefs was Mitchell, Lang & Smith, Portland.

Michael J. Gentry, Portland, argued the cause for respondents. With him on the brief were Cynthia S. C. Shanahan, James M. Finn, Tooze, Kerr, Marshall & Shenker and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

In this products liability action, plaintiff appeals from a jury verdict for defendants, contending that the trial court erred by striking its "failure to warn" allegation and by excluding certain evidence. We affirm.

On December 6, 1978, plaintiff purchased eight to ten glass mirror tile kits from defendant Fred Meyer. The kits were manufactured by defendant Hoyne Industries, Inc. (Hoyne). Each kit consisted of twelve 12 × 12 inch glass mirror tiles and 48 pieces of adhesive mounting tape. Hoyne had purchased the tape from defendant 3M.

Plaintiff installed the tiles on his bedroom wall, directly behind his bed. Several months later, while he was asleep in bed, one of the mirror tiles fell, striking him in the face. He suffered injuries to his right eyelid and tear duct. He then brought this action, alleging:

"That the adhesive mounting tape as manufactured, designed and sold for use in mounting the described glass mirrors to a wall was unreasonably dangerous and defective causing unnecessary danger to plaintiff in that:

"(1) It did not keep and maintain the glass mirror tiles securely attached to plaintiff's bedroom wall as would be contemplated by the ordinary purchaser or consumer, more particulary plaintiff;

"(2) It was sold by defendant without warning to the purchaser, more particularly plaintiff, that it would not securely hold the glass mirror tiles to a wall."

Defendants Hoyne and Fred Meyer moved to strike subparagraph (2) on the grounds that it merely restated the allegations of subparagraph (1) and that it failed to state a claim for failure to warn. The trial court granted the motion. In a jury trial, a verdict was returned in favor of defendants. This appeal followed.

As his first assignment of error, plaintiff contends that the trial court erred by striking his failure to warn allegation. We disagree. Although it is true that a product may be unreasonably dangerous because the manufacturer or seller has failed to warn about dangers of which it is or should be aware that may result from use of a product, *see Phillips v. Kimwood Machine Co.*, 269 Or 485, 496, 525 P2d 1033 (1974),

that is not what subparagraph (2) alleges. We read that subparagraph to allege that defendants were required to warn users that their product, even if used properly, contained an inherent defect, making it unsuitable for its intended use. If a product is unsuitable for its intended use, and as a result is unreasonably dangerous, then the correct inquiry is whether there is a manufacturing or design defect, not whether the manufacturer should have warned of the defect. If the tiles fell off the wall because of a defect, then liability would be predicated on the defect as alleged in subparagraph (1), not on a failure to warn of the defect. The trial court correctly granted the motion to strike.

■  Plaintiff next contends that the trial court erred by not allowing him to present evidence of an alternative method of securing mirror tiles to a wall. The trial court excluded the evidence, finding that it was not relevant to the issues as framed in plaintiff's complaint. We agree with the trial court's analysis. The pertinent language of the complaint reads:

> "That the *adhesive mounting tape* as manufactured, designed and sold for use in mounting the described glass mirrors to a wall was unreasonably dangerous and defective." (Emphasis supplied.)

From this language, we conclude that plaintiff alleged only that the tape itself was defectively designed or manufactured, not that the kit as a whole was defective because it included the tape.[1] Plaintiff's claim as pleaded is not broad enough to encompass the theory that Hoyne's inclusion of the tape as part of the kit rendered the *kit* defective. Thus, the evidence of an alternative method of affixing tiles to a wall was irrelevant to the issue of whether the adhesive mounting tape was defective. It was properly excluded.

Affirmed.

---

[1] During trial, plaintiff moved to amend the complaint as follows:

"That the mirror tile kit with the adhesive mounting tape supplied therewith as manufactured, designed and sold for use in mounting the mirrors to a wall was unreasonably dangerous and defective * * *."

The trial court denied the motion to amend. Plaintiff does not assign the denial of the motion as error.